UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DIANA L. FATER,

        Plaintiff,

                                        Case Number 06-11790-BC
v.                                     Honorable Thomas L. Ludington

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____ /

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING COMMISSIONER'S FINDINGS

The plaintiff commenced this action on April 14, 2006 challenging the decision of the Commissioner denying her claim for a period of disability and disability insurance benefits under sections 216(i) and 223 of the Social Security Act. The case was referred to Magistrate Judge Charles E. Binder under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3). On September 7, 2006, the plaintiff filed a motion for summary judgment to reverse the Commissioner's determination and award her benefits. On September 28, 2006, the Commissioner filed its motion for summary judgement asking that the Commissioner's decision be affirmed. The magistrate judge issued a report on December 28, 2007 recommending the defendant's motion for summary judgment be granted, the plaintiff's motion be denied, and the findings of the Commission be affirmed. The plaintiff filed timely objections, to which the defendant has responded, and the matter is before the Court for a *de novo* review of the administrative record in light of the parties' submissions.

The Court concludes that substantial evidence supported the Commissioner's determination that the plaintiff was not disabled and the magistrate judge's recommendation reaching that result

was proper. Therefore, the report and recommendation will be adopted, the defendant's motion will be granted, the plaintiff's motion will be denied, her objections will be overruled, and the findings of the Commission will be affirmed.

I.

The plaintiff, presently fifty-five years old, applied for a period of disability and disability insurance benefits on August 23, 2003 when she was fifty-one years old. She has limited education and has worked primarily as automobile assembler. The plaintiff alleges that she became disabled on February 20, 2003 as a result of bilateral shoulder pain, bilateral carpal tunnel syndrome, and rheumatoid arthritis in her arms, hands, knees, and right hip. The plaintiff has also been diagnosed with depression.

The plaintiff's application for a period of disability and disability insurance benefits was denied, after which she made a timely application for an administrative hearing. On July 6, 2005, she appeared before Administrative Law Judge (ALJ) Alfred H. Varga for a hearing when she was fifty-three years old. The ALJ filed a decision on October 17, 2005 in which he found that the plaintiff was not disabled. The ALJ reached his decision by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. §§ 404.1520, 416.920. The ALJ concluded that the plaintiff had not engaged in substantial gainful activity since February 20, 2003, the disability onset date (step one); she suffers from a torn right rotator cuff with persistent right shoulder pain, left shoulder pain, and rheumatoid arthritis, impairments which are "severe" as contemplated by the Social Security Act; these impairments do not meet or equal a listing in the regulations (step three); the plaintiff is unable to perform her former job as an automobile assembler, which was described as unskilled, heavy work (step four).

In applying the fifth step, the ALJ concluded that the plaintiff had the residual functional capacity for light work with certain limitations: no consistent use or repetitive use of the hands; no reaching over the chest or shoulder level with the right arm; no work requiring more than minimal writing; no work requiring fine finger dexterity; and work that permitted her some opportunity to change position. A vocational expert testified that several jobs fit within these limitations such as usher, security guard, greeter, and hostess, and the ALJ found that those jobs existed in significant numbers in the national economy. Based on that finding and using the Medical Vocational Guidelines found at 20 C.F.R. 404.1569 and Rule 202.10, Table 2, Appendix 2, Subpart P, Regulations No. 4, the ALJ found that the plaintiff was not disabled within the meaning of the Social Security Act. Following the ALJ's decision, the plaintiff filed an appeal with the Appeals Council, which denied her request for review on February 10, 2006.

II.

The standard for judicial review of a disability determination under the Social Security Act is narrow. The findings of the ALJ are conclusive so long as they supported by substantial evidence. 42 U.S.C. § 405(g). Indeed, the Court's review is confined to determining whether the correct legal standard was applied, and whether the findings are supported by substantial evidence on the whole record. *See Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003). The Sixth Circuit has defined "substantial evidence" as "more than a scintilla of evidence." *Kirk v. Sec. of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981) (internal quotation and citation omitted). Instead, substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ibid.* The Court is to consider all the pertinent record evidence and may not rely on a single piece of evidence when reviewing the ALJ's findings. *Hephner v. Mathews*, 574 F.2d 359,

362 (6th Cir.1978). Consequently, where substantial evidence supports the decision, it must be upheld even if the record might support a different conclusion. *Smith v. Sec. of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). Moreover, the Court's role "is not to resolve conflicting evidence in the record or to examine the credibility of the claimant's testimony." *Wright*, 321 F.3d at 614. It therefore is impermissible for the Court to "try the case de novo, . . .resolve conflicts in evidence, [or] decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir.1984).

The plaintiff lodges essentially a single objection. She complains that the magistrate judge and the ALJ failed to consider non-exertion impacts such as the side affects from medication, fatigue, and sleep deprivation to which she testified at the hearing. These impacts, she contends, should have been considered together with exertion impairments in properly assessing her residual functional capacity to work under 20 C.F.R. § 404.1545(a). In fact, she notes, that when the vocational expert was questioned by her attorney to assume the plaintiff had side effects from medication, fatigue, and sleep deprivation in addition to the hypothetical question the ALJ posed, the vocational expert responded that based on the plaintiff's testimony she likely would miss more than ten or eleven days per year and therefore would be precluded from maintaining full time employment. Thus, the plaintiff concludes that substantial evidence did not support the ALJ's decision and the magistrate judge's conclusion to the contrary was erroneous.

The Court disagrees. The plaintiff's complaints of the disabling side effects of medication, fatigue, and sleep are subjective and come entirely from her own testimony. Although the fact that symptoms are subjective will not preclude a finding of disability, there must be objective medical evidence to confirm their severity or the objectively determined medical condition must be of a severity that reasonably can be expected to give rise to the subjective symptom. *Jones v. Sec.'y of*

*Health & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991). The plaintiff bears the burden of proof with respect to her subjective symptoms. *Ibid.*

The plaintiff gives no record citation for objective medical evidence that would support the disabling nature of these complaints. Nor does a cursory review of the record lend any weight to them. As the magistrate judge noted, "[a]lthough Plaintiff clearly evidences impairments as a result of a right shoulder rotator cuff tear, none of the physicians who examined the Plaintiff limited her activities in ways inconsistent with the Commissioner's definition of light exertion work." R&R at 9. For example, records from the Milford family practice in 2000 indicate at one point that the plaintiff should take a week off from work and later noted that plaintiff should undertake work involving only one hand for a period of two months. Tr. at 125, 143. There was no evidence that sleep deprivation, fatigue, or the side effects of medication played a role in the assessments or otherwise would preclude work.

X-Rays taken by Dr. Martin, the plaintiff's treating physician, in November of 2002 revealed mild spurring of the bones, but no fracture or dislocation of the shoulder. Tr. at 91. The records do not confirm the plaintiff's sleep deprivation or fatigue. Notes by a physical therapist suggested that physical therapy was of benefit to the plaintiff and that her "arm is moving better and becoming more useful with functional activities." Tr. at 92. Again no objective evidence of debilitating fatigue, side effects from medication, and sleep deprivation was noted. Although an MRI diagnosed a complete tear in the rotator cuff, the plaintiff was told that she would be a good candidate for surgery, and Dr Martin in 2004 recommended the plaintiff not work with her right shoulder, the plaintiff's subjective complaints remain unsupported in the medical evidence.

Ultimately, the plaintiff appears to be challenging the fact that ALJ chose not to fully credit

her testimony at the hearing. However, the Court is to accord great deference to the ALJ's findings based on the credibility of an applicant; after all, the ALJ is charged with the duty of observing a witness' demeanor and credibility. *Walters v. Comm'r Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). In fact, the ALJ is permitted to give less weight to the testimony of interested parties. *Cummings v. Schweiker*, 607 F.2d 81, 84 (7th Cir. 1982). As the magistrate judge noted, the ALJ provided reasons for his credibility determination. Importantly, he found that the objective medical evidence did not support the plaintiff's testimony. The Court therefore finds no basis to discredit the ALJ or the magistrate judge with respect the plaintiff's claims of sleep deprivation, fatigue, and debilitating side effects from medication.

The plaintiff's objections might be construed as challenging the hypothetic question posed by the ALJ to the vocational expert that did not include debilitating side effects from medication, fatigue, and sleep deprivation. As noted, her attorney challenged the vocational expert at the hearing by adding these addition symptoms to the hypothetical. The vocational expert stated that she likely would be precluded from full time work because the plaintiff would be required to take off in excess of ten days from work per year.

The ALJ, however, did not find that the plaintiff's testimony was fully credible. The rule that a hypothetical question must incorporate all of the claimant's physical and mental limitations does not obviate the ALJ's duty to make factual findings and assess credibility. Consequently, in crafting the hypothetical question, the ALJ "is required to incorporate only those limitations accepted as credible by the finder of fact." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). Most importantly "an ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability,"

and "can present a hypothetical to the [vocational expert] on the basis of his own assessment if he reasonably deems the claimant's testimony to be inaccurate." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir.2003). The Court believes that the ALJ properly excluded the plaintiff's subjective complaints in fashioning the hypothetical question.

III.

After a *de novo* review of the entire record in light of the submissions of the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion. The plaintiff's objections, therefore, lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt # 16] is **ADOPTED**, the plaintiff's objections thereto [dkt # 17] are **OVERRULED**, the plaintiff's motion for summary judgment [dkt # 13] is **DENIED,** and the defendant's motion for summary judgment [dkt # 15] is **GRANTED**.

It is further **ORDERED** that the findings of the Commissioner are **AFFIRMED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: July 18, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 18, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS